CARL STEVE *v.* COMMISSIONER OF CORRECTION
(13825)

Dupont, C. J., and Foti and Lavery, Js.

Argued June 2—decision released September 26, 1995

*Deborah DelPrete Sullivan,* assistant public defender, for the appellant-appellee (petitioner).

*L. D. McCallum,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee-appellant (respondent).

LAVERY, J. This is an appeal by the petitioner, Carl Steve, from a judgment of the habeas court that granted him partial relief on his claim that the respondent commissioner of correction had miscalculated the credits on his criminal sentence. The respondent cross appeals. The petitioner claims that the habeas court was incorrect (1) in not ordering the respondent to credit the petitioner fully for time served or credited against a vacated sentence, and (2) in denying the petitioner the seven day job credit and outstandingly meritorious performance award credit for the vacated sentence to reduce the five year threshold for enhanced good conduct credit. The respondent, in a cross appeal, claims that the habeas court was incorrect in determining that a prisoner serving multiple concurrent sentences is entitled to have time served on a vacated sentence calculated as postconviction confinement on a subsequent sentence for the same crime or a crime based on the same act. We agree in part with the petitioner and do not agree with the respondent. We reverse the judgment in part.

The following facts are undisputed. On June 13, 1985, the petitioner was arrested in three criminal cases, judicial district of Waterbury Docket Numbers CR4-118626, CR4-118627 and CR4-118628, and held in lieu of $135,000 bond, which he was unable to post. On October 22, 1985, in CR4-118626, after a jury trial, the petitioner was found guilty of robbery in the first degree and assault in the first degree. In that case the petitioner was first sentenced to the custody of the respondent on December 6, 1985, for a total effective sentence of twenty years, execution suspended after sixteen years, and five years probation. The petitioner appealed the judgment of conviction in CR4-118626.

On December 30, 1985, in CR4-118628, the petitioner entered a plea of guilty to the crime of assault in the first degree and was sentenced to the custody of the respondent for a term of imprisonment of ten years, to be served

concurrent with the sentence imposed in CR4-118626. On December 30, 1985, all counts in CR4-118627 were nolled. The petitioner did not appeal his conviction in CR4-118628.

On August 4, 1987, the judgment of conviction of both counts in CR4-118626 was set aside and the case was remanded for a new trial. *State* v. *Steve*, 11 Conn. App. 699, 529 A.2d 229 (1987). Upon certification, the state appealed the decision of the Appellate Court to the Supreme Court, which, on June 21, 1988, affirmed the decision of the Appellate Court. *State* v. *Steve*, 208 Conn. 38, 544 A.2d 1179 (1988).

On July 21, 1988, in CR4-118626, the petitioner entered pleas of nolo contendere to robbery in the first degree, and assault in the first degree and was sentenced to twenty years, execution suspended after ten years and five years probation, on each count, to run concurrently, for a total effective sentence of twenty years, execution suspended after ten years and five years probation.

From December 30, 1985, through and including June 21, 1988, while the appeal in CR4-118626 was pending, and from June 21, 1988, through and including July 21, 1988, the petitioner was serving the sentence in CR4-118628.

Upon resentencing and recommitment of the petitioner in CR4-118626, the respondent calculated the new sentence as commencing on the date it was imposed, July 21, 1988, with all time in confinement from June 13, 1985, to July 21, 1988, treated as presentence confinement and credited pursuant to the provisions of General Statutes § 18-98d.[1] In so doing, the respondent gave the petitioner

---

[1] General Statutes § 18-98d provides: "(a) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to

no credit in CR4-118626 from December 30, 1985, through July 20, 1988, because, during that time, the petitioner, was also serving the sentence in CR4-118628.

The habeas court in its analysis considered five time periods, but only two are pertinent to this appeal. The first is the time spent in custody after imposition of the concurrent sentence in CR4-118628, but before the original sentence in CR4-118626 was vacated by the favorable decision on appeal. The second is the time spent in custody in CR4-118626 after the appeal, but before the resentencing. The habeas court found that the petitioner was entitled to be credited for the time spent in custody serving the vacated sentence before it was overturned on appeal. It awarded the petitioner all jail credit plus any ancillary credit, such as "good time credit," earned by the petitioner in CR4-118626 from December 30, 1985,

the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement, except that if a person is serving a term of imprisonment at the same time he is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. In the case of a fine each day spent in such confinement prior to sentencing shall be credited against the sentence at the rate of ten dollars.

"(b) In addition to any reduction allowed under subsection (a), if such person obeys the rules of the facility he may receive a good conduct reduction of any portion of a fine not remitted or sentence not suspended at the rate of ten days or one hundred dollars, as the case may be, for each thirty days of presentence confinement; provided any day spent in presentence confinement by a person who has more than one information pending against him may not be counted more than once in computing good conduct reduction under this subsection.

"(c) The commissioner of correction shall be responsible for ensuring that each person to whom the provisions of this section apply receives the correct reduction in such person's sentence; provided in no event shall credit be allowed under subsection (a) in excess of the sentence actually imposed."

through August 4, 1987, the date this court reversed the petitioner's conviction. *State* v. *Steve*, supra, 11 Conn. App. 699.

The habeas court denied any credit to the petitioner after his successful challenge on appeal. That is, the court denied any credit while the state petitioned the Supreme Court for certification, which was subsequently granted, and while the Supreme Court appeal proceeded. The habeas court found that during this period of time the petitioner was in custody awaiting a new trial as a result of the Appellate Court's reversal and that the "vacated sentence ceased being served once the appeal reversed the underlying conviction." As to the petitioner's second claim, the habeas court held that only good conduct credit was to be allowed. He was not to receive a deduction of time for periods of employment under General Statutes § 18-98a or an outstandingly meritorious performance award under General Statutes § 18-98b.

Before deciding the two issues raised by the petitioner on the appeal, we will decide the respondent's cross appeal because, if we agree with the respondent, that determination will be dispositive of the entire appeal. The respondent claims that the petitioner is entitled only to presentence confinement credit on his vacated sentence. Section 18-98d (a) (2) limits the presentence credit "to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the *sole* reason for his presentence confinement." (Emphasis added.) The respondent claims that since the petitioner was sentenced to a ten year concurrent sentence on December 30, 1985, he was entitled to credit for presentence confinement on the vacated sentence only from the date of arrest until December 30, 1985, when the concurrent sentence was imposed. The respondent claims that prior to 1981, the department of correction, in

accordance with General Statutes § 53a-38 (c),[2] recalcul-
ated sentences imposed after successful appeals by pris-
oners as commencing when the vacated sentence
commenced. He further claims that our Supreme Court
and this court, in a long line of cases, have ruled that
a new sentence commenced when it was imposed, not
when the vacated sentence was originally imposed, and
that time served on a vacated sentence should not be
calculated as "time served" sentence credit, but rather
should be calculated as presentence confinement. The
respondent cites *Moscone* v. *Manson*, 185 Conn. 124, 440
A.2d 848 (1981), *Sutton* v. *Lopes*, 202 Conn. 343, 521 A.2d
147 (1987), *Casey* v. *Commissioner of Correction*, 215
Conn. 695, 577 A.2d 1051 (1990), and *Raucci* v. *Warden*,
30 Conn. App. 190, 619 A.2d 886, cert. denied, 225 Conn.
915, 623 A.2d 1025 (1993), as binding precedent. The peti-
tioner claims, however, that to treat the time served on
the vacated sentence as presentence confinement,
together with the lack of credit by virtue of § 18-98d, is
a violation of his rights under the federal and state consti-
tutional protection against double jeopardy as set forth
in *North Carolina* v. *Pearce*, 395 U.S. 711, 717, 89 S. Ct.
2072, 23 L. Ed. 2d 656 (1969), overruled in part on other
grounds, *Alabama* v. *Smith*, 490 U.S. 794, 109 S. Ct. 2201,
104 L. Ed. 2d 865 (1989). The habeas court agreed with
the petitioner that the time served on the vacated sen-
tence up to the time of our reversal in *State* v. *Steve*,
supra, 11 Conn. App. 699, was postconviction confine-
ment. The trial court based its decision on *Wright* v.
*Commissioner of Correction*, 216 Conn. 220, 578 A.2d
1071 (1990). In *Wright*, the respondent treated the

[2] General Statutes § 53a-38 (c) provides: "When a sentence of imprison-
ment that has been imposed on a person is vacated and a new sentence is
imposed on such person for the same offense or for an offense based on
the same act, the new sentence shall be calculated as if it had commenced
at the time the vacated sentence commenced, and all time served under or
credited against the vacated sentence shall be credited against the new
sentence."

inmate's service of a vacated sentence as presentence confinement. While serving the sentence that was later vacated, the inmate had accumulated employment and outstandingly meritorious performance credit under §§ 18-98a[3] and 18-98b,[4] respectively. Because such credits may be earned only while an inmate is in a postconviction status, the respondent refused to award those credits against a new sentence imposed on reconviction. Id., 222–23. The inmate filed a habeas corpus petition, and the habeas court ordered the respondent to reinstate the credits. Id., 223. On appeal, our Supreme Court held that while the respondent correctly treated the vacated sentence as presentence confinement, the failure to include the earned credits to reduce the new sentence amounted to a violation of the prohibition against double jeopardy. Id., 226.

We find that the holding in *Wright* v. *Commissioner of Correction*, supra, 216 Conn. 220, applies to the facts

---

[3] General Statutes § 18-98a provides: "Each person committed to the custody of the commissioner of correction who is employed within the institution to which he was sentenced, or outside as provided by section 18-100, for a period of seven consecutive days, except for temporary interruption of such period as excused by the commissioner for valid reasons, may have one day deducted from his sentence for such period, in addition to any other earned time, at the discretion of the commissioner of correction."

[4] General Statutes § 18-98b provides: "In addition to any commutation or diminution of sentence or any meritorious time service award which may have been granted under section 18-7 or 18-7a any inmate committed to the custody of the commissioner of correction for a definite term, or for a term with a minimum sentence imposed, may have not more than one hundred and twenty days deducted from any one continuous term of imprisonment as an outstandingly meritorious performance award in the discretion of the commissioner of correction for exceptional personal achievement, accomplishment and other outstandingly meritorious performance, provided any serious act of misconduct or insubordination or refusal to conform to institution regulations occurring at any time during his confinement shall subject the prisoner, at the discretion of the warden and the commissioner, to the loss of all, or any portion, of any time awarded under this section. When any prisoner is held under more than one conviction the several terms of imprisonment imposed thereunder shall be construed as one continuous term for purposes of determining eligibility for any outstandingly meritorious performance award authorized by this section."

in the present case. To conclude otherwise would be to deny credit "for punishment already exacted." Id., 226. Had the petitioner not appealed or had been unsuccessful on appeal, the respondent would have awarded full credit on the original sentence because it would be post-conviction jail time. Because the petitioner was successful in overturning the convictions, the respondent is regarding the service of the vacated sentence as "dead time" under § 18-98d.

The habeas court cited with approval Justice Shea's concurring opinion in *Wright* v. *Commissioner of Correction*, supra, 216 Conn. 226. Justice Shea noted that § 53a-38 (c) "plainly provides that all time . . . credited against the vacated sentence shall be credited against the new sentence." (Internal quotation marks omitted.) Id., 226–27. The conclusion that this petitioner must receive credit for the time he spent in custody, plus any ancillary credits earned, despite § 18-98d, is "inescapable." Id., 227.

We agree with the habeas court that the time served on the vacated sentence must be treated and credited as postconviction confinement. To fail to do so would be a violation of the fifth amendment guarantee against double jeopardy. *North Carolina* v. *Pearce*, supra, 395 U.S. 718–19. "The constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." Id. "Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." Id., 719 n.13.

General Statutes § 53a-38 (c) requires some form of credit for time served. The clear statutory intent is to satisfy the due process requirement that time served under a vacated sentence must be credited against a later sentence for the same act so as to comply with

the dictates of *North Carolina* v. *Pearce*, supra, 395 U.S. 711. If the time served under the vacated sentence is considered presentence time, under § 18-98d, the time served after December 30, 1985, the date the second sentence began, would not be credited to the new sentence, which would be a clear violation of *Pearce* and its progeny. We are not overlooking binding precedent by upholding the habeas court's determination that the petitioner be given credit on the vacated sentence as postconviction incarceration. The Supreme Court in *Casey* v. *Commissioner of Correction*, supra, 215 Conn. 699, stated: "In *Sutton* v. *Lopes*, supra, [202 Conn.] 349, this court upheld the decision of the trial court to treat time served on a vacated sentence as presentence time and to credit the time accordingly in calculating sentence credits. We rejected the claim that § 53a-38 (c) bars crediting the confinement time as such, observing that § 53a-38 (c), in keeping with the mandate of *North Carolina* v. *Pearce*, [supra, 711], is a general statutory provision which requires that a prisoner be given full credit for time served on a vacated sentence. . . . It does not specify what type of credit it refers to. . . . [T]he plain language of § 53a-38 (c) requires only that some form of credit for time served be awarded . . . it is irrelevant to any other statutory credit. . . . Therefore . . . § 53a-38 (c) does not bar crediting the time [served on a vacated sentence] as presentence confinement." (Citations omitted; internal quotation marks omitted.)

In *Moscone* v. *Manson*, supra, 185 Conn. 124, *Sutton* v. *Lopes*, supra, 202 Conn. 343, and *Casey* v. *Commissioner of Correction*, supra, 215 Conn. 695, the Supreme Court upheld awards to prisoners of credit on vacated sentences that were most advantageous to the successful petitioners, that being presentence time. Here, the habeas court awarded postconviction time credit in

order to comply with the *Pearce* rule. There is no inconsistency.

The habeas court correctly points to *Wright* v. *Commissioner of Correction,* supra, 216 Conn. 220, where the Supreme Court upheld credit for presentence confinement at the same time that it upheld credit for the seven day job credit provided by § 18-98a and the outstandingly meritorious performance credit provided by § 18-98b. Both of the latter credits apply by statute to sentenced prisoners. The Supreme Court stated in *Wright* v. *Commissioner of Correction,* supra, 226: "We refuse, therefore, to follow the suggestion of the respondent that §§ 18-98a and 18-98b be read to apply only to an inmate serving a sentence pursuant to a valid conviction. To do so would violate the constitutional mandate of *North Carolina* v. *Pearce* [supra, 395 U.S. 711] by denying an inmate full credit for punishment already exacted in cases such as this one, where the credits were earned while serving a subsequently vacated sentence." We distinguish *Raucci* v. *Warden,* supra, 30 Conn. App. 190, because unlike *Moscone, Wright,* and *Casey,* it did not involve the constitutional issue of double jeopardy and did not have to satisfy the mandate of *Pearce.* We therefore reject the respondent's claim on cross appeal.

On his appeal, the petitioner first claims that the habeas court was incorrect in ordering postconviction confinement credit plus any ancillary credit such as good conduct earned by the petitioner in CR4-118626 from December 30, 1985, to August 4, 1987, the date of the Appellate Court decision, rather than from December 30, 1985, to July 21, 1988, the date the petitioner was resentenced.

We agree in part. The habeas court should have granted the petitioner postconviction confinement credit plus ancillary credit until July 1, 1988, ten days

after the decision of the Supreme Court in *State* v. *Steve,* supra, 208 Conn. 38. Practice Book § 4048 provides in relevant part that "in any appeal by the state, there shall be a stay after the appeal has been taken which shall continue until final determination of the appeal."

In addition, as to appeals to the Supreme Court, Practice Book § 4128 provides in part: "In any action, proceedings to enforce or carry out the judgment shall be stayed until the time to file the petition has expired; if a petition by a party or request by the appellate panel for certification is filed, the proceedings shall be stayed until the supreme court acts on the petition and, if the petition is granted, until the final determination of the cause . . . .The provisions of Secs. 4048, 4049 and 4050 shall also be applicable to proceedings concerning stays of execution."

Also, Practice Book § 4121 provides ten days to submit a motion for reargument and Practice Book § 4122 provides for a motion for reargument en banc within the same time period. Practice Book § 4123 provides in pertinent part: "Unless the chief justice or chief judge shall otherwise direct, all proceedings to enforce or carry out the judgment shall be stayed until the time for filing a motion for reargument has expired, and if a motion is filed, until its disposition, and if it is granted, until the appeal is finally determined."

It is clear from the rules of practice that an appeal to the Supreme Court from the Appellate Court decision stays the decision's effects until at least ten days after the Supreme Court decision. In this case, the ten day period after the Supreme Court decision was July 1, 1988. The respondent, in his brief, states that the habeas court reached the correct result but for a different reason, claiming that the time between August 4, 1987, and June 21, 1988, is presentence time, which, because of § 18-98d, is not entitled to be credited. We rejected that

claim on the cross appeal. The petitioner is entitled to postconviction credit from August 4, 1987, to July 1, 1988.

The next claim by the petitioner pertains to the period from July 1, 1988, the tenth day after the decision of the Supreme Court, to July 21, 1988, the date the petitioner entered pleas of nolo contendere and was resentenced in CR4-118626. The issue is whether the petitioner, who was serving a concurrent sentence between the time of his successful appeal and his reconviction and resentencing on the charges that had been vacated, should receive credit on the time served during that period toward those charges. The habeas court denied any credit on those charges for jail time spent after the appeal on concurrent charges from another file. The habeas court stated in its analysis with respect to post-appeal confinement that double jeopardy was irrelevant. Because the petitioner was in custody awaiting trial and not serving a sentence on the vacated charges, he was not subject to multiple punishments for the same offense for the time spent in custody awaiting a new trial. The habeas court further ruled that the petitioner was subject to § 18-98d, which denies presentence credit on one charge to a person who is sentenced and serving a sentence on another charge. We agree with the habeas court. In *United States* v. *Markus*, 603 F.2d 409 (2d Cir. 1979), a petitioner pleaded guilty in February, 1976, to two counts on one indictment, and to four counts on a second indictment. In April, 1976, the court sentenced the petitioner on the first indictment to terms of five and ten years to run concurrently, and on the second indictment to terms of five years, one year and one year to run concurrently with each other and consecutively to the sentences on the charges in the first indictment for a total effective sentence of fifteen years. In March, 1978, the court set aside the conviction on the charges in the first indictment. In August, 1978,

the petitioner pleaded guilty to a superseding indictment and he was sentenced to five years to run consecutively to other sentences he was serving. The petitioner claimed that he was being denied credit for time served. Id., 411. The appeals court stated that the petitioner was not denied credit for time served because the bureau of prisons retroactively treated the sentence imposed on the charges contained in the second indictment as having begun in April, 1976. Id., 412. The court ruled that the time served on the charges in the first indictment had been fully credited to the sentence on the charges in the second. Id. The Second Circuit in its ruling stated: "This satisfies the dictates of *North Carolina* v. *Pearce*, supra [395 U.S. 711], which was intended to assure fundamental fairness to a sentenced defendant by precluding imposition upon him of 'multiple punishments for the same offense,' [id., 717], and did not consider the converse issue presented here, which is whether a prisoner convicted of multiple offenses is entitled as of right to apply one punishment to all offenses. We are confident that the Court in *Pearce* did not intend its decision to be construed as entitling a prisoner to *double* credit for time served. See in accord, *Thacker* v. *Garrison*, 527 F.2d 1006 (4th Cir. 1975) (per curiam)." (Emphasis in original.) *United States* v. *Markus*, supra, 412.

Likewise in *Thacker* v. *Garrison*, supra, 527 F.2d 1007–1008, where the petitioner's conviction and sentence of nine to ten years was reversed on one count and the time served credited to the sentence on another count, which was consecutive, the court ruled that the petitioner, following reconviction and resentencing to a new nine to ten year sentence to run consecutively to the sentence then being served, was not entitled to have the time served on the original sentence credited on the new sentence because the credit on the vacated sentence had been applied to the consecutive sentence. In its per curiam opinion, the court stated: "Common

sense and fundamental fairness require that under such circumstances the state should not ignore the period of imprisonment under the invalid sentence when an appropriate remedy is so readily available." Id., 1008. In our opinion, this same common sense and fundamental fairness call for rejection of the argument that the petitioner should receive double credit for the time served on his original sentence in CR4-118626.

There is no claim, with respect to this issue, that any time or credit from the vacated sentence was not applied, nor is there a claim or factual predicate for a claim that the new sentence increased the severity of the punishment imposed on the petitioner. There is no constitutional basis for the petitioner to claim double credit for the time served between July 1 and July 21, 1988. The petitioner is not entitled to additional credit on this issue on his resentence on the vacated charges. We find that for the period from July 1 to July 21, 1988, the applicable statute is § 18-98d, which eliminates credit for time spent in custody while serving a sentence on another charge after the successful appeal and while awaiting retrial.

The petitioner's final claim is that the habeas court was incorrect in holding that the seven day job credit and the outstandingly meritorious performance credit do not reduce the five year threshold to begin crediting the petitioner with enhanced good conduct. This was the issue that the Supreme Court in *Seno* v. *Commissioner of Correction*, 219 Conn. 269, 282–83, 593 A.2d 111 (1991), declined to decide. In *Seno*, the Supreme Court held that when the legislature changed the method of calculating statutory good time from crediting the maximum amount of good time at the outset of the prisoner's sentence under General Statutes § 18-7a[5]

---

[5] General Statutes § 18-7a provides: "(a) Except as provided in subsections (b) and (c) any person sentenced to a term of imprisonment, on and after October 1, 1976, and while still serving such sentence whether such sentence

to a system of awarding good time on a monthly basis as earned under § 18-7a (c), the legislature left intact the counting of the statutory good time and the confinement time in calculating the five years when the good time is calculated at the enhanced rate of twelve days a month as opposed to the good time rate of ten days a month during the first five years. In *Seno*, the petitioner had claimed that credit toward the five years should be calculated on a formula of confinement plus credit

is for a definite, indefinite or indeterminate term, and regardless of the institution wherein the prisoner is confined may, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a commutation or diminution of his sentence in the amount of ten days for each month, and pro rata for a part of a month, of a sentence which is for not more than five years, and fifteen days for each month, and pro rata for a part of a month, for the sixth and each subsequent year of a sentence of more than five years. In the case of an indeterminate sentence, such credit shall apply to both the minimum and maximum term. In the case of an indefinite sentence, such credit shall apply to the maximum term only. Any act of misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such credit by the commissioner or his designee.

"(b) Except as provided in subsection (c), any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1981, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence in the amount of ten days for each month and pro rata for a part of a month of a sentence up to five years, and twelve days for each month and pro rata for a part of a month for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee.

"(c) Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee."

time from all services including employment time under § 18-98a and outstandingly meritorious performance under § 18-98b. The Supreme Court stated: "The language and legislative history of § 18-7a (c) only support the conclusion that the respondent must consider statutory good time along with confinement time in determining when a prisoner is entitled to earn statutory good time at the enhanced rate. These sources are uninstructive with respect to the issue of whether other forms of credit time must be considered." *Seno* v. *Commissioner of Correction*, supra, 219 Conn. 282B. The Supreme Court declined to address the employment time or the outstandingly meritorious performance time because the issue was not specifically addressed in either the parties' briefs or at oral argument.

In declining to grant the petitioner's claim, the habeas court reasoned that in *Seno* the Supreme Court determined that the enactment of § 18-7a (c) affected only the method in which good conduct was awarded and was never meant to exclude good conduct from the calculation of the starting date of enhanced good conduct credit, and maintained the status quo with respect to computing when good conduct credit accrues at the enhanced rate. The habeas court deduced that because outstandingly meritorious performance credit and employment credit were never awarded under the posting "up front" method, those credits could never be used to shorten the time when the enhanced rate would begin under § 18-7a (c). Employment and outstandingly meritorious performance credit could be earned only on the occurrence of events after the sentence, and thus those credits never contributed to the determination of how much good conduct credit was due under the enhanced rate. The habeas court further reasoned that "[b]ecause the enactment of § 18-7a (c) was regarded in *Seno* v. *Commissioner of Correction*, supra, 219 Conn. 282B, as leaving the former practices with respect to

computing the starting date of the enhanced good conduct credit rate intact . . . that only good conduct credit should be added to jail credit when calculating that starting date and that employment and outstandingly meritorious performance credit remain foreign to that calculation." We agree with the habeas court.

The petitioner has not provided us with statutory analysis, legislative history, prior administrative interpretation, or any analytical tool other than the statement that employment credit and outstandingly meritorious performance credit constitute a liberty interest subject to the guarantees of due process, accompanied by citations to U.S. Const., amends. V, XIV; Conn. Const., art. I, §§ 8, 9; *Wolff* v. *McDonnell,* 418 U.S. 539, 557–58, 94 S. Ct. 2963, 41 L. Ed. 2d 435 (1974). *Wolff* discusses the forfeiture of good conduct credits already earned after subsequent misconduct and is inapposite to this case. Our review of the legislative history of both statutes and their subsequent amendments does not show any intention to connect these two statutes with the reaching of the five year mark for enhanced good time. The Supreme Court in *Seno* v. *Commissioner of Correction,* supra, 219 Conn. 282B, found nothing in the language or legislative history of § 18-7a (c) that forms of credit other than statutory good time must be considered along with confinement time in reaching the threshold time for crediting enhanced good time. There is nothing in the plain language of either §§ 18-98a or 18-98b that could compel us to reach the result the petitioner advocates. There is no double jeopardy claim that the petitioner did not receive employment credit or outstandingly meritorious performance credit from the vacated sentence as required by *Wright* v. *Commissioner of Correction,* supra, 216 Conn. 220, but only a claim that the court did not include such credit in its calculation of the § 18-7a (c) five year requirement for enhanced good conduct credits. We uphold the ruling

of the habeas court that §§ 18-98a and 18-98b do not affect the calculation for reaching the period of enhanced good time.

On the cross appeal, the judgment is affirmed; on the appeal, the judgment is reversed insofar as it limited the award of postconviction credit to the date of the Appellate Court's reversal rather than ten days after the judgment of the Supreme Court, and the case is remanded to the habeas court with direction to correct the judgment in accordance with this opinion.

In this opinion the other judges concurred.