[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This petition for a writ of habeas corpus was filed on September 4, 1992 and was subsequently amended on December 19, 1996. The amended petition claims (1) the petitioner's incarceration is illegal in that he was denied the effective assistance of counsel in violation of the sixth andfourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution and (2) the respondent has failed to award the petitioner with credit for his presentence incarceration. On September 10, 1997, the respondent commissioner of correction replied to the amended petition and this matter was tried to the court on January 6, 1998.
At the commencement of the hearing counsel for the petitioner and the respondent stipulated to the following facts. The petitioner was arrested and posted bond on October 7, 1991 in Docket No. CR91-54074 for an offense committed on October 6, 1991. On December 2, 1991 the petitioner entered a guilty plea in that docket. On December 11, 1991 the petitioner was again arrested and posted bond in Docket No. CR91-54841 for offenses occurring on September 25, 1991. On December 30, 1991 the petitioner was sentenced to serve three years in Docket No. CR91-54074. He has been continuously in the custody of the respondent since December 30, 1991 to present.
On January 14, 1992, the office of the public defender was appointed to represent the petitioner in Docket No. CR91-54841. On February 19, 1992, the petitioner was arrested in Docket No. CR92-55765 for offenses occurring on September 25, 1991 and September 27, 1991. On June 24, 1992, the petitioner entered guilty pleas and was sentenced in Docket Nos. CR91-54841 and CR92-55765. In Docket No. CR91-54841, the petitioner was sentenced to five years concurrent to the sentence imposed in Docket No. CR91-54074. In Docket No. CR92-55765, the petitioner was sentenced to six years concurrent to the sentence imposed in Docket No. CR91-54074.
 I
The petitioner claims he was denied the effective assistance of counsel because his attorney, public defender James Ginocchio, CT Page 5241 told him that if he pleaded guilty to the offenses in Docket Nos. CR92-55765 and CR91-54841, he would receive credit for all time served since December 30, 1991 against the six year total effective sentence to be imposed in Docket No. CR92-55765. He did not receive the credit. Ginocchio testified at the habeas hearing that prior to the entering of pleas and sentencing, he advised the petitioner that if he accepted the plea bargain on June 24, 1992 in Docket Nos. CR92-55765 and CR91-54841 he would receive a six year sentence, concurrent to the sentence that he was presently serving. Ginocchio further testified that on June 24, 1992 he was filling in for another public defender, Gary White, who had negotiated the plea agreement. He indicated that his involvement was very limited and that his best recollection was that he did not advise the petitioner as to the effect of his plea with respect to the time he would actually serve other than it would be six years concurrent to his present sentence. Ginocchio's file notes did not refresh his recollection further nor was there any indication in his file that White had made any notes with regard to the plea negotiations.
The petitioner testified that he had wanted White removed as counsel and that he believed that Ginocchio had been assigned as his substitute counsel. The petitioner testified that he was told by Ginocchio that if he accepted the state's offer on June 24, 1992 he would receive a sentence of six years to run concurrent with the sentence he was then serving. He also testified that he was told by Ginocchio that he would receive credit for the period of time that he was incarcerated from December 30, 1991 to June 24, 1992 against that six year sentence. The petitioner did not recall having any conversations with White with regard to receiving credit for time served against the six year sentence. The petitioner also testified that he would not have accepted the plea bargain if he had known that he would not receive credit for the period from December 30, 1991 to June 24, 1992.
The evidence at the habeas hearing established that at the petitioner's sentencing, the court, Nigro, J., stated to the petitioner and his counsel: "[a]ll right. You're going to be sentenced today without a trial. Now, I've indicated to your attorney that if you intended to plead guilty to these charges, I would impose a sentence of six years concurrent to any other sentences. Is that your understanding, Mr. Ginocchio?" Counsel indicated in the affirmative. The court then inquired of the petitioner if anybody had made any other offer or promise to get the petitioner to plead guilty when he would otherwise not have CT Page 5242 pleaded guilty. The petitioner replied that no one had. (Petitioner's Exhibit 2, p. 7.)
The respondent called Michelle Deveau as a witness at the habeas hearing. Deveau is presently employed as a record specialist with the department of correction. She testified that the petitioner was incarcerated from December 30, 1991 to February 1992 pursuant to the mittimus issued in Docket No. CR91-54074. The sentence reflected on that mittimus was three years. She further testified that from the date of the petitioner's arrest in February 1992 in Docket No. CR92-55765 through the June 24, 1992 sentencing in that docket, the petitioner was incarcerated not only because of the arrest and failure to post bond, but he was still serving the three year sentence imposed in Docket No. CR91-54074.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), "the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel during criminal proceedings: the defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; id., 687-88; and (2) that defense counsel's deficient performance prejudiced the defense. Id., 694." Copas v. Commissioner of Correction, 234 Conn. 139, 154,662 A.2d 718 (1994). In Hill v. Lockhart, 474 U.S. 52,106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. Copas v. Commissionerof Correction, 151. "[I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 156. Connecticut has adopted the Hill-Strickland test for ineffective assistance of counsel claims in cases involving guilty pleas. Id., 152. In the present case, the court finds that the petitioner has not satisfied his burden of proving that Ginocchio did, in fact, misinform the petitioner as to whether the petitioner could expect to receive credit for the time served from December 30, 1991 to June 24, 1992. Furthermore, the court is unconvinced by the petitioner's self-serving statement that if he knew that he would not receive credit for that time he would not have accepted the six year concurrent sentence. The petitioner was facing a maximum period of incarceration on the charges in Docket Nos. CR92-55765 and CR91-54841 of fifteen years. (Petitioner's Exhibit 2, p. 3.) This sentence could have CT Page 5243 been ordered to run consecutive to the three year sentence that he was presently serving. The petitioner has failed to offer any credible evidence, based upon the strength of the state's case or any defenses, that he would not have accepted the state's offer of six years if he knew he would not receive credit for approximately six months served from December 30, 1991 to June 24, 1992. (See Petitioner's Exhibit 2.) The court finds that the petitioner has failed to meet his burden of proof on either prong of the Hill-Strickland test with respect to his ineffective assistance of counsel claim.
 II
The petitioner also claims that he is entitled to presentence credit from December 30, 1991 until June 24, 1992. The petitioner asks this court to order the respondent to award him with presentence jail credit and corresponding presentence good time credit from February 19, 1992 until June 24, 1992 and with sentence served credit and corresponding good time credit from December 30, 1991 through the present. The respondent argues that the petitioner is not entitled to any of the claimed credits pursuant to General Statutes § 18-98d since he was incarcerated from December 30, 1991 until June 24, 1992 because of the sentence imposed in Docket No. CR91-54074.
General Statutes § 18-98d allows a person who is confined under a mittimus or because he is unable to obtain bail to earn jail time credits, however, "the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reasonfor his presentence confinement. . . ." (Citation omitted; emphasis added.) General Statutes § 18-98d (a)(2). In the present matter, the petitioner was incarcerated as of December 30, 1991 because of the sentence imposed in Docket No. CR91-54074. The court finds that the petitioner is not entitled under General Statutes § 18-98d to any presentence confinement credits on the sentences imposed on June 24, 1992. Steve v.Commissioner of Correction, 39 Conn. App. 455, 469, 665 A.2d 168, cert. denied, 235 Conn. 929, 667 A.2d 555 (1995). In Steve, the appellate court held that a petitioner who was serving a concurrent sentence between the time of a successful appeal and resentencing on the vacated charge did not receive credit for that period of incarceration. General Statutes § 18-98d
"eliminates credit for time spent in custody while serving a sentence on another charge. . . ." (Citation omitted.) Id. Accord CT Page 5244Graham v. Commissioner of Correction, 39 Conn. App. 473, 476-77,664 A.2d 1207, cert. denied, 235 Conn. 930, 667 A.2d 800
(1995).[1]
The controlling sentence in this matter is the sentence imposed on June 24, 1992 of six years in Docket No. CR92-55765 with no applicable presentence confinement time. Therefore, the court finds that the respondent has calculated the petitioner's effective sentence appropriately.
The petition is dismissed.
Zarella, J.