[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Stephen Cassidy, filed his petition for writ of habeas corpus April 23, 1998. In his amended petition, filed July 8, 1998, Cassidy makes two claims; first, that he was sentenced for violation of probation for a term in excess of that imposed for the underlying offense; second, that the commissioner of correction has improperly calculated the time credits due him.
A hearing on the petition was opened on March 30, 1999 and was continued on April 27, 1999.
On April 27th the first issue, regarding length of sentence, was resolved when the parties entered into a stipulation and the court entered judgment in accordance with the stipulation, vacating the petitioner's sentence and remanding the matter to the trial court for re-sentencing. On the same date a hearing was held as to the merits of the second claim, regarding calculation of time credits.
 II
The petitioner was the defendant in two criminal matters, docket numbers CR92-81554 and CR93-83426, in the Superior Court, for the Judicial District of Fairfield. The petitioner was taken into custody on these matters on January 25, 1993 and held in lieu of bond until sentenced. These matters were consolidated for trial under a four count information charging the petitioner with failure to appear in the first degree, in violation of General Statutes, Section 53a-172(a); robbery in the first degree, in CT Page 10804 violation of General Statutes, Section 53a-134(a)(3); kidnapping in the first degree, in violation of General Statutes, Section53a-92(a)(2)(B); and unlawful restraint in the first degree, in violation of General Statutes, Section 53a-95(a). Following trial, the petitioner was found guilty on all counts and on November 18, 1993 received consecutive sentences resulting in a total effective sentence of forty three years. The petitioner appealed his conviction and the Connecticut Supreme Court reversed the convictions on all but the failure to appear count. The State petitioned the United States Supreme Court for writ of certiorari, which petition was denied on October 6, 1996. Thereafter, on December 19, 1996, pursuant to a plea bargain, the petitioner was sentenced to five years to serve on the failure to appear; on the robbery in the first degree, ten years fully suspended, five years probation; and on the unlawful restraint, five years, fully suspended, five years probation, all sentences concurrent, for a total effective sentence of ten years, suspended after five years, with five years probation. The kidnaping count was nolled.
The petitioner was released from custody on December 20, 1996, having been in custody continuously, and exclusively on the basis of the above-described charges, since January 25, 1993.
On July 21, 1997, the petitioner was arrested and taken into custody accused of violation of probation, in violation of General Statutes, Section 53a-32. On August 14, 1997, the petitioner was convicted of violation of probation and sentenced to a term of six years' imprisonment, which sentence was vacated on April 27, 1999. The prisoner continues to be incarcerated.
 III
It is the prisoner's contention that he should be credited with all jail time, statutory good time and enhanced statutory good time acquired by him in the period from January 25, 1993 until October 6, 1996 to be applied to his violation of probation conviction. At the time of hearing, the petitioner modified his stance. Claiming what he asserts is the "middle ground", the petitioner argues he should be credited in some fashion for the time served prior to the Supreme Court's denial of certification, such credits to be applied to his violation of probation sentence. The petitioner suggests, "at a minimum", that the time served be carried forward to allow him to receive enhanced good time pursuant to General Statutes, section 18-7a(c), at the rate CT Page 10805 of 12 days per month. The respondent's position is that the petitioner has already received all credits due.
The petitioner cites Casey v. Commissioner of Correction,215 Conn. 695; Wright v. Commissioner of Correction, 216 Conn. 220; and Steve v. Commissioner of Correction, 39 Conn. App. 455, in support of his claim that the respondent is too "literal" in interpreting the law.
Casey stands for the proposition that confinement time served under a subsequently vacated sentence may be credited against the later valid sentence as presentence time under General Statutes, Section 18-98c.
Wright held that it is constitutionally mandated that seven day job credit provided by General Statutes, Section 18-98a and outstanding meritorious performance credit provided by General Statutes, Section 18-98b, earned during a subsequently vacated sentence, must be credited against a new sentence imposed for the same offense.
In Steve, our Appellate Court, inter alia, agreed with the habeas court that a prisoner serving multiple concurrent sentences is entitled to have time served on a vacated sentence calculated as postconviction confinement on a subsequent sentence for the same crime or a crime based on the same act; and agreed with the habeas court that the seven day job credit and the outstandingly meritorious performance credit do not reduce the five year threshold to begin crediting the petitioner with enhanced good conduct under general Statutes, Section 18-7a(c).
The above-cited opinions, in turn, are based on the principle enunciated in North Carolina v. Pearce, 385 U.S. 711, 718-19,89 S.Ct. 2072, 104 L.Ed.2d 656 (1969, overruled in part on other grounds, Alexander v. Smith, 490 U.S. 794, 109 S.Ct. 2201,104 L.Ed.2d 865 (1989)":". . . the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited' in imposing sentence upon a new conviction for the same offense" "Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." Id., at 719, n. 13.
On November 18, 1993, the petitioner was sentenced to consecutive terms of five, twenty, fifteen and three years, for a CT Page 10806 total effective sentence of forty three years; the five year sentence was for failure to appear. When, on October 6, 1996, the state's petition for writ of certiorari was denied, the petitioner continued to serve his five year term for failure to appear. When, following re-sentencing on December 19, 1996, it was determined that, with all credits due him, the petitioner had completed the sentence imposed for failure to appear, he was promptly released from custody on December 20, 1996. The petitioner's original release date was November 17, 1998. Exhibit D, despite its erroneous reference to "robbery, first degree", demonstrates that all credits acquired by the petitioner from the date of his incarceration, January 25, 1993 to November 22, 1996. were applied to reduce his five year term of imprisonment. Further, following his sentencing for violation of probation, the petitioner received jail credit for the period November 23, 1996, when his failure to appear sentence was completed, to December 20, 1996, when he was released. The court is satisfied that the petitioner received all credits due him for the period of his initial incarceration, January 25, 1993 to December 20, 1996. The court notes that adopting the petitioner's logic would render the probation imposed on him a nullity. Because he had completed a five year term of imprisonment, if he were credited with that time on the violation of probation he could have been eligible for immediate release following sentencing on the violation of probation. He would be free to violate his probation with impunity.
 IV
The sole issue remaining is; is the petitioner entitled to have his initial period of incarceration counted in determining the five year threshold for calculating enhanced good time pursuant to General Statutes, Section 18-7a(c)?
There is no dispute that, following the vacating of his original sentence, the petitioner was again sentenced for the same crimes to a total effective sentence of ten years, suspended after five years, five years probation. The sentences imposed on December 19, 1996 were concurrent and were merged in the term which had the longest term to run. Had petitioner been sentenced to imprisonment on the new convictions, he would have been credited with confinement and credits accruing from January 25, 1993 to December 19, 1996 to be applied to his new term of imprisonment. But there was a break in his imprisonment. His new sentences on the overturned robbery and unlawful restraint CT Page 10807 convictions were suspended and there was no term of imprisonment by which to bring the provisions of General Statutes, Section53a-38(c) into play. Meanwhile, the petitioner was released on December 20, 1996 because his accumulated confinement time and credits enabled him to discharge his failure to appear sentence. He was properly credited, derived a benefit from said credits and cannot again use the credits to reduce his violation of probation sentence. Nor can he use that confinement time and credits to reach the threshold of enhanced good time. Because there was a hiatus in his imprisonment, and he was returned to prison sentenced on the charge of violation of probation the accumulation of credits to reach the threshold for enhanced statutory good time began when he was taken into custody on the violation of probation. The court finds that the petitioner's successful appeal disaggregated his original forty three year sentence, and severed the failure to appear from the other convictions, leaving him serving a five year sentence for failure to appear. The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, that he is entitled to apply to his violation of probation conviction the time served and credits acquired from January 25, 1993 to November 22, 1996 to reach the enhanced statutory good time threshold. There is no double jeopardy, no multiple punishments for the same offense, North Carolina v. Pearce, supra.
After hearing testimony and reviewing exhibits submitted and relevant case law, the court is persuaded that the respondent's contention is correct. The petitioner has failed to establish, by a fair preponderance of the evidence, that the respondent has incorrectly and illegally calculated the amount of jail time, good time and enhanced good time due him under the relevant statutes and regulations.
Accordingly, the petition is dismissed, and judgment may enter in favor of the respondent.
By the Court,
Downey, J.