[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
In his petition for a Writ of Habeas Corpus originally filed on March 30, 2000, the petitioner, Terrence Boyd, asserts that Respondent, Warden of the State Prison, has incorrectly determined the petitioner's release date. At the trial held before this Court on November 14, 2002, testimony was received from Ms. Mary Steele, a Records Specialist in the employ of the Respondent. In addition, the petitioner submitted nine pieces of documentary evidence. For the reasons set forth more fully below, this Court finds the computation of the credit to be correct and the petition shall be denied.
 Findings of Fact
The petitioner was originally committed to the custody of the Commissioner of Corrections on December 15, 1986. Following a trial before a jury, he was convicted of one count of Felony Murder in violation of C.G.S. § 53a-54c, one count of Burglary in the First Degree in violation of C.G.S. § 53a-101 (a)(2), and one count of Larceny in the Third Degree in violation of C.G.S. §§ 53a-119 53a-124 (a)(1). On January 21, 1988 he was sentenced to: 45 years on the Felony Murder, 15 years on the Burglary, and 5 years on the Larceny, all sentences to run concurrently, for a total effective sentence of 45 years. The petitioner commenced serving that sentence immediately thereafter.
The Connecticut Supreme Court set aside the petitioner's Felony Murder conviction on March 6, 1990 and remanded the case for a new trial. The petitioner's Burglary and Larceny convictions were not overturned and he continued to serve these sentences.
Upon the remand, the trial court, Gormley, J., found that there was probable cause to try the petitioner for Felony Murder. The trial court also denied the petitioner's motion to dismiss the information on the grounds of double jeopardy. The petitioner took an interlocutory appeal CT Page 14649 to the Connecticut Appellate Court and that appeal was ultimately transferred to the Connecticut Supreme Court. On April 21, 1992, the Supreme Court denied the petitioner's appeal in a decision reported at 221 Conn. 685 (1992). The United States Supreme Court denied certiorari on October 13, 1992.
On March 23, 1993, the petitioner filed a federal habeas corpus petition in the United States District Court for the District of Connecticut under Docket No. 3:93cv00601. This petition was ultimately denied on April 3, 1995. The petitioner then undertook an appeal to the United States Court of Appeals for the Second Circuit that ultimately dismissed the appeal on March 22, 1996. The United States Supreme Court denied certiorari on an appeal by the petitioner of the 2nd Circuit ruling on October 7, 1996.
On January 3, 1997, the petitioner was discharged from the 15-year sentence for Burglary. With the charge of Felony Murder still pending, the petitioner was held in pretrial confinement status awaiting trial due to an inability to make bond between January 4, 1997 and September 15, 1998. On September 15, 1998, the petitioner pleaded guilty to the charge of Felony. Murder and was sentenced to serve 25 years. He has remained in the custody of the Commissioner of Corrections since that date serving this sentence.
In regard to the 25-year sentence for Felony Murder, the petitioner has been credited with: (a) a total of 536 days for the period between December 15, 1986 and January 21, 1988, (b) a total of 932 days for the period between January 21, 1988 and March 6, 1990, and, (c) a total of 825 days for the period between January 4, 1997 and September 15, 1998. The Department of Corrections has not allowed any credit for the period between March 7, 1990 and January 3, 1997 to be applied to the 25-year Felony Murder conviction.
The Department of Corrections has determined that, as of November 1, 2002, the petitioner's release date is September 18, 2014.
 Discussion of Law
The sole issue in this case is whether or not the petitioner is entitled to have the period between March 7, 1990 and January 3, 1997 counted in determining his release date for the 25 year Felony Murder conviction. The Court will note that from the evidence presented in this trial, it appears as if the petitioner has been an exemplary prisoner. He has earned the maximum amounts of Statutory Good Time (SGT) awarded for good behavior, as well as earning job credits for work performed during CT Page 14650 his incarceration. There has been no issue presented to the habeas court that would lead to any other conclusion that the petitioner would have earned the maximum amount of days credit during the disputed period. In fact, given the fact that the petitioner served a period just under nine years[1] before being successfully discharged from his fifteen year Burglary conviction it is clear that the petitioner has received full credit for his exemplary behavior.
The petitioner relies upon the decision of the Appellate Court of Connecticut in Steve vs. Commissioner of Correction, 39 Conn. App. 455
(1995) in support of his position that he is entitled to credit for the period between March 7, 1990 and January 3, 1997. Unfortunately, that reliance is misplaced and upon a careful reading of the Court's holding in Steve, it is clear that the case mandates that the petition be denied. In Steve, the defendant had five separate periods of confinement that were dealt with by the habeas court. of critical importance is the fact that the status of the period between July 2, 1988 and July 21, 1988 in the Steve case is identical to the status of the period between March 7, 1990 and January 3, 1997 in the petitioner's case.[2] In both cases, the petitioner was serving a sentence while awaiting re-trial on a previously vacated sentence. In Steve, infra. at 467, "the habeas court stated in its analysis with respect to post-appeal confinement that double jeopardy was irrelevant. Because the petitioner was in custody awaiting trial and not serving a sentence on the vacated charges, he was not subject to multiple punishments for the same offense for the time spent in custody awaiting a new trial. The habeas court further ruled that the petitioner was subject to § 18-19d[3], which denies presentence credit on one charge to a person who is sentenced and serving the sentence on another charge." The Appellate Court agreed.
To be sure, there was a lengthy period between the reversal of the initial conviction of Felony Murder on March 6, 1990 and the petitioner's guilty plea to that offense on September 15, 1998. Nevertheless, this delay was not the result of an appeal by the State of Connecticut; it was the result of appeals and other legal maneuverings, all of which were designed to prevent the state from taking him to trial, by the petitioner. Here, the Petitioner has argued that by not allowing the petitioner to count this time in reduction of the ultimate sentence of 25 years on Felony Murder would operate to penalize him for taking an appeal. This argument overlooks the fact that the petitioner has already received a time credit for this period in that it was used to reduce the 15 year sentence imposed for the Burglary conviction. The unanimous opinion of the Appellate Court in Steve, infra. at 469, provided that "the applicable statute is § 18-98d, which eliminates credit for time spent in custody while serving a sentence on another charge after the CT Page 14651 successful appeal and while awaiting retrial." Judge Lavery, writing for the Appellate Court, also noted that "common sense and fundamental fairness call for rejection of the argument that the petitioner should receive double credit for the time served on his original sentence."Steve vs. Commissioner, infra, at 469.
There was some brief mention at the trial of the fact that the state and the petitioner had agreed to stay the petitioner's re-trial on the felony murder charge while his appeals and federal habeas petition were pending. The effect of this stay, to the extent that it has any effect at all, is not to make the time spent in confinement between March 7, 1990 and January 3, 1997 creditable to the ultimate sentence of 25 years on felony murder, rather, it would have the effect of preventing the petitioner from complaining that his statutory and constitutional rights to a speedy trial were in any way abridged during the pendency of his appeal of the double jeopardy issue. Accordingly, this Court attaches no significance to the "stay" identified by Petitioner's Exhibit 9.
Accordingly, the Petition for a Writ of Habeas Corpus is deniedand judgment shall enter in accord with this Memorandum.
 ___________________ S.T. Fuger, Jr., Judge