TERRENCE BOYD *v.* COMMISSIONER OF
CORRECTION
(AC 23938)

Foti, DiPentima and Dupont, Js.

Argued March 29—officially released July 20, 2004

*Ernest F. Teitell*, with whom was *Karen A. Anderson*, for the appellant (petitioner).

*Richard T. Biggar*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Henri Alexandre*, assistant attorney general, for the appellee (respondent).

FOTI, J. The petitioner, Terrence Boyd, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that the respondent commissioner of correction correctly calculated the petitioner's sentence. We affirm the judgment of the habeas court.

The facts relevant to this appeal are as follows. Following a jury trial, the petitioner was convicted of one count of felony murder in violation of General Statutes § 53a-54c, one count of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), and one count of larceny in the third degree in violation of General Statutes §§ 53a-119 and 53a-124 (a) (1). On January 21, 1988, the petitioner was sentenced to forty-five years incarceration on the felony murder conviction, fifteen years on the burglary conviction and five years on the larceny conviction, all sentences to run concurrently, for a total effective sentence of forty-five years.

On March 6, 1990, our Supreme Court reversed the petitioner's felony murder conviction because of defects in his probable cause hearing and remanded the case for further proceedings. See *State* v. *Boyd*, 214 Conn. 132, 570 A.2d 1125 (1990), on appeal after remand, 221 Conn. 685, 607 A.2d 376, cert. denied, 506 U.S. 923, 113 S. Ct. 344, 121 L. Ed. 2d 259 (1992). The conviction of burglary and larceny, however, was not overturned, and the petitioner continued serving the sentences for those crimes.

On remand of the felony murder conviction, the trial court found probable cause to try the petitioner for felony murder. The petitioner then filed a motion to dismiss the information, claiming that the double jeopardy clause barred the state's efforts to reprosecute him for felony murder. The court denied his motion.

The petitioner then filed an interlocutory appeal to this court, seeking to dismiss the case on double jeopardy grounds. The appeal was then transferred to our Supreme Court. On April 21, 1992, our Supreme Court affirmed the trial court's denial of the petitioner's motion to dismiss the information. See *State* v. *Boyd*, 221 Conn. 685, 607 A.2d 376, cert. denied, 506 U.S. 923, 113 S. Ct. 344, 121 L. Ed. 2d 259 (1992).

On March 23, 1993, the petitioner filed a petition for a writ of habeas corpus with the United States District Court for the District of Connecticut, again arguing that his reprosecution for felony murder would violate the double jeopardy clause. The District Court denied the petition, and the United States Court of Appeals for the Second Circuit affirmed. See *Boyd* v. *Meachum*, 77 F.3d 60 (2d Cir. 1996). The United States Supreme Court denied certiorari on October 7, 1996. See *Boyd* v. *Armstrong*, 519 U.S. 838, 117 S. Ct. 114, 136 L. Ed. 2d 66 (1996).

On January 3, 1997, the petitioner was discharged from the fifteen year sentence for burglary, but the new felony murder charge was still pending. On September 15, 1998, the petitioner pleaded guilty to the new felony murder charge and was sentenced to twenty-five years incarceration. On April 5, 2000, the petitioner filed the present petition for a writ of habeas corpus, claiming that he was entitled to receive time served credit toward his twenty-five year sentence. On November 15, 2002, the habeas court denied the petitioner's petition for a writ of habeas corpus, noting that *Steve* v. *Commissioner of Correction*, 39 Conn. App. 455, 469, 665 A.2d 168, cert. denied, 235 Conn. 929, 667 A.2d 555 (1995), applied and that the "applicable statute is [General Statutes] § 18-98d, which eliminates credit for time spent in custody while serving a sentence on another charge after the successful appeal and while awaiting retrial." This appeal followed.

There are no factual issues in dispute; at issue is whether the petitioner is entitled to credit for the time between March 6, 1990, the date his felony murder conviction was reversed, and October 7, 1996, the date his double jeopardy challenge was finally determined in the federal court system. Accordingly, "[t]he conclusions reached by the trial court in its decision to dismiss the habeas petition are matters of law, subject to plenary review . . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 80 Conn. App. 580, 584, 836 A.2d 466 (2003), cert. denied, 267 Conn. 919, 841 A.2d 1191 (2004).

Resolution of the petitioner's claim calls for this court to interpret § 18-98d and to review our decision in *Steve* v. *Commissioner of Correction*, supra, 39 Conn. App. 455. Specifically, we must determine whether § 18-98d,[1] "which eliminates credit for time spent in custody while serving a sentence on another charge after the successful appeal and while awaiting retrial"; id., 469; applies to the situation presented here and prohibits the petitioner from receiving credit for the time between March 6, 1990, and October 7, 1996.

[1] General Statutes § 18-98d (a) (1) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (B) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement . . . ."

In *Steve*, the petitioner was arrested on June 13, 1985, in two criminal cases,[2] but was unable to post bond.[3] On October 22, 1985, Steve was convicted of robbery in the first degree and assault in the first degree under docket number CR4-118626, and was sentenced to a term of twenty years incarceration. Id. On December 30, 1985, Steve pleaded guilty to a separate charge of assault in the first degree under docket number CR4-118628 and was sentenced to a term of ten years, to be served concurrently with the sentence imposed in CR4-118626. Id., 457–58. This court then set aside the conviction of robbery in the first degree and assault in the first degree under docket number CR4-118626 and remanded the case for a new trial. Id., 458. Our Supreme Court affirmed that decision on June 21, 1988. *State* v. *Steve*, 208 Conn. 38, 544 A.2d 1179 (1988). On July 21, 1988, while the case was on remand, the petitioner entered pleas of nolo contendere to the robbery and assault charges and was sentenced to twenty years incarceration. *Steve* v. *Commissioner of Correction*, supra, 39 Conn. App. 458.

On appeal, this court concluded that the time served on the vacated sentence between December 30, 1985, the date the petitioner pleaded guilty and was sentenced under docket number CR4-118628, and July 1, 1988,[4] the date the petitioner successfully appealed from his conviction under docket number CR4-118626, must be treated and credited as postconviction confinement and

---

[2] On December 30, 1985, all counts in a third criminal case under docket number CR4-118627 were nolled.

[3] A complete recitation of the facts and procedural history of the underlying offense may be found in *State* v. *Steve*, 11 Conn. App. 699, 529 A.2d 229 (1987), aff'd, 208 Conn. 38, 544 A.2d 1179 (1988).

[4] The *Steve* court used July 1, 1988, as the appropriate date in calculating the sentence rather than June 21, 1988, the date our Supreme Court affirmed this court's reversal of the conviction because under our rules of practice, "an appeal to the Supreme Court from the Appellate Court decision stays the decision's effects until at least ten days after the Supreme Court decision." *Steve* v. *Commissioner of Correction*, supra, 39 Conn. App. 466.

not as presentence confinement. Id., 463. The *Steve* court noted that the "constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully credited in imposing sentence upon a new conviction for the same offense." (Internal quotation marks omitted.) Id.

The petitioner in *Steve* next argued that even though he was serving time under docket number CR4-118628, he should still receive credit toward his sentence under docket number CR4-118626 for the period between July 1, 1988, the date of his successful appeal reversing his conviction in docket number CR4-118626, and July 21, 1988, the day he pleaded nolo contendere on remand. Id., 467. The court did not agree, concluding that "[t]here is no constitutional basis for the petitioner to claim double credit for the time served between July 1 and July 21, 1988. The petitioner is not entitled to additional credit on this issue on his resentence on the vacated charges. . . . [T]he applicable statute is § 18-98d, which eliminates credit for time spent in custody while serving a sentence on another charge after the successful appeal and while awaiting retrial." Id., 469.

The issue in the present case is similar to the issue in *Steve* in that the petitioner was serving a sentence on a separate conviction while awaiting retrial on a previously vacated conviction. Specifically at issue here is whether the petitioner is entitled to credit for the period between the date his original felony murder conviction was reversed and the date his double jeopardy challenge was finally determined. The rule in *Steve*, that the petitioner is not entitled to double credit for time served on a vacated sentence while serving a sentence on a separate conviction, is applicable to the situation presented here. Consequently, we must conclude that the petitioner is not entitled to credit for the period between March 6, 1990, and October 7, 1996, because

during that period, the petitioner's original felony murder conviction had been vacated, but he still was serving time for his burglary conviction.

The petitioner argues, however, that this situation is similar to *Steve* in that *Steve* determined whether a petitioner is entitled to credit on a vacated sentence when an appeal in the matter is still pending. To not credit him, the petitioner argues, would be to penalize him for exercising his right to appeal. See *North Carolina* v. *Pearce*, 395 U.S. 711, 723, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). *Steve* held that the petitioner is entitled to credit until the date the successful appeal reversing the conviction becomes final. *Steve* v. *Commissioner of Correction*, supra, 39 Conn. App. 465–67. The petitioner here argues that the appeal from the denial of his federal habeas petition is an appeal within the holding of *Steve*, and he therefore is entitled to credit until October 7, 1996, the date his federal habeas petition was finally determined. We do not agree with the petitioner's interpretation of *Steve*.

The petitioner's original felony murder conviction was clearly reversed and disposed of on March 6, 1990. He therefore no longer was serving time on that felony murder conviction, but rather was serving time for his burglary conviction. Any subsequent double jeopardy challenges or appeals did not relate to the original conviction or its reversal, but only to the validity of the state's attempt to reprosecute the petitioner on the new felony murder charge. To allow credit for the time period as argued would be to give the petitioner double credit for time served on a vacated conviction. Consequently, we agree with the court in *Steve* that "the applicable statute is § 18-98d, which eliminates credit for time spent in custody while serving a sentence on another charge after the successful appeal and while awaiting retrial." *Steve* v. *Commissioner of Correction*, supra, 39 Conn. App. 469.

The petitioner next argues that the present case can be distinguished from the issues decided in *Steve* in that the appeal at issue here is not a challenge to the underlying conviction, as in *Steve*, but rather is an appeal from his constitutional double jeopardy challenge with respect to reprosecution. Such a difference, however, is exactly why we must conclude that he is not entitled to credit for that time period. *Steve* allowed credit for the time the petitioner challenged and appealed from the underlying conviction because the petitioner in that case was incarcerated on that conviction until our Supreme Court affirmed the Appellate Court's reversal of the conviction. To allow credit for time spent on a collateral double jeopardy attack after the underlying conviction was clearly vacated and the petitioner no longer was incarcerated on that conviction, however, is clearly contrary to our holding in *Steve*.

For all of the foregoing reasons, we conclude that § 18-98d applies and precludes the petitioner from receiving credit for time served[5] for the period between March 6, 1990, the date our Supreme Court reversed the original felony murder conviction, and October 7, 1996, the date the petitioner's double jeopardy challenge was finally determined.[6]

---

[5] The petitioner also claims that he is entitled to have all ancillary credit earned during the period between March 6, 1990, and October 7, 1996, including good conduct credit and the appropriate seven day job credit, applied to his twenty-five year felony murder sentence. Because we have concluded that the petitioner is not entitled to credit for that period, we also must conclude that he is not entitled to any good conduct or seven day job credit.

[6] The petitioner further argues that even if the rule in *Steve* denying him credit for that time period is applicable, *Steve* is distinguishable because it addressed the issue as it pertains to different criminal cases under different docket numbers, whereas the charges presented here were not under different docket numbers. Although the petitioner's factual distinction is correct, it is not relevant to the resolution of this appeal. Because the *Steve* court did not base its holding on that fact, nor did it even consider it in its analysis, we cannot conclude that the holding in *Steve* is inapplicable to the present case.