## JOHN ANTHONY GRAHAM *v.* COMMISSIONER OF CORRECTION
### (13839)

Dupont, C. J., and Foti and Lavery, Js

Argued June 2—decision released September 26, 1995

*Paula Mangini Montonye*, assistant public defender, for the appellant (petitioner).

*L. D. McCallum*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (respondent).

LAVERY, J. This is an appeal by the petitioner from the judgment rendered by the habeas court denying his petition seeking a credit for the time spent in custody between the date his sentence was vacated on appeal and the date of its reimposition. We affirm the judgment of the habeas court.

The following facts were agreed to by the parties and are the basis on which the habeas court made its ruling. On November 28, 1983, the petitioner was sentenced in the judicial district of New London, in Docket No. 10-128110, to a total effective sentence of thirty years following his conviction by a jury of robbery in the first degree and burglary in the first degree. On February 3, 1984, the petitioner was sentenced in the judicial district of New London, in Docket Nos. 10-128190A, 10-128190B and 10-128229, to three concurrent fifteen year terms of incarceration, concurrent to the thirty year sentence in Docket No. 10-128110, for a total effective sentence of thirty years. On May 27, 1986, in *State* v. *Graham*, 200 Conn. 9, 509 A.2d 493 (1986), the state Supreme Court overturned the petitioner's conviction in Docket No. 10-128110, and ordered a new trial. The petitioner's thirty year sentence in that case was vacated. The petitioner did not appeal his convictions in Docket Nos. 10-128190A, 10-128190B and 10-128229.

On October 17, 1986, following his conviction on retrial in Docket No. 10-128110, the petitioner was resentenced in the judicial district of New London to a thirty year term of incarceration, concurrent to the sentences in Docket Nos. 10-128190A, 10-128190B and 10-128229, for a total effective sentence of thirty years.

Upon the petitioner's resentencing, the respondent recalculated the petitioner's thirty year sentence in Docket No. 10-128110; the respondent did not incorporate the petitioner's time previously served from May 28, 1986, through October 16, 1986, the time during which the petitioner's sentence was vacated.

The petitioner challenged the respondent's failure to give him credit on this sentence for the postappeal time the petitioner was in custody on other charges. The petitioner challenged other actions of the respondent in the same action but they are not at issue in this appeal. The habeas court combined this case with another habeas action, which is also on appeal to this court. *Steve* v. *Commissioner of Correction*, 39 Conn. App. 455, 665 A.2d 168 (1995). *Steve* was decided before this case, and that decision is the basis of our decision in this case.

Although both cases were decided by the habeas court in the same memorandum of decision, the habeas court granted the parties in *Steve* certification to appeal and to cross appeal but denied the petitioner in this case certification to appeal pursuant to General Statutes § 52-470 (b).[1] We must first decide if the habeas court abused its discretion in denying the petitioner certification to appeal. *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994).

[1] General Statutes § 52-470 provides: "(a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require.

"(b) No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

In *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 662 A.2d 718 (1995), the Supreme Court set the standard for deciding abuse of discretion on the issue of certification in such a case. "We recognize that [i]n enacting § 52-470 (b), the legislature intended to discourage frivolous habeas appeals. *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . *Simms* v. *Warden*, supra, 616, quoting *Lozada* v. *Deeds*, supra, 432. Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. *Simms* v. *Warden*, supra, 616." (Emphasis in original; internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, supra, 150–51.

The issue of what jail time credit, if any, is to be given to a prisoner, whose conviction on one charge is reversed and vacated, but who is confined to jail on another conviction between the vacating of the sentence, and the reconviction and reimposition of the sentence, is a case of first impression in Connecticut. We hold that the issue is debatable among jurists of reason and that a court could resolve the issue in a different manner. We conclude that as a matter of law this appeal is not frivolous and that the habeas court abused its discretion and the case is properly before us.

In *Steve* v. *Commissioner of Correction*, supra, 39 Conn. App. 467–69, we held that a petitioner who is serving a concurrent sentence between the time of his successful appeal and his reconviction and resentencing on two vacated charges does not receive credit

during that period toward the resentencing pursuant to General Statutes § 18-98d,[2] which eliminates credit for time spent serving a sentence on another charge. In *Steve* v. *Commissioner of Correction*, supra, 467–69, we based our ruling on *United States* v. *Markus*, 603 F.2d 409 (2d Cir. 1979), and *Thacker* v. *Garrison*, 527 F.2d 1006 (4th Cir. 1975) (per curiam), which ruled that *North Carolina* v. *Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), precluded imposition of multiple punishments for the same act but does not give the petitioner who is convicted of multiple offenses a right to apply one punishment to all offenses. *United States* v. *Markus*, supra, 412. We note in this case as in *Steve* v. *Commissioner of Correction*, supra, 469, that there is no claim that any time or credit from the vacated sentence was not applied nor is there a claim or a factual predicate that the new sentence increased the severity of the punishment of the petitioner.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] General Statutes § 18-98d (a) provides: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement, except that if a person is serving a term of imprisonment at the same time he is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. In the case of a fine each day spent in such confinement prior to sentencing shall be credited against the sentence at the rate of ten dollars."