RONNIE HINTON *v.* COMMISSIONER OF CORRECTION
(15241)

Dupont, C. J., and O'Connell and Freedman, Js.

Argued September 19—officially released November 12, 1996

*Michael A. Fitzpatrick*, special public defender, for the appellant (petitioner).

*Paul J. Ferencek*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's

attorney, and *John Dropick*, assistant state's attorney, for the appellee (respondent).

FREEDMAN, J. The petitioner appeals from the judgment of the habeas court. He claims first that the habeas court improperly denied his petition for certification to appeal following the dismissal of his amended petition for a writ of habeas corpus, and he claims second that the habeas court improperly dismissed counts three and four of his amended petition for habeas corpus relief.

The facts are not in dispute. The defendant was convicted of three counts of murder in violation of General Statutes § 53a-54a, one count of capital felony in violation of General Statutes § 53a-54b, one count of attempted murder in violation of General Statutes §§ 53a-49 and 53a-54a, and one count of assault in the first degree in violation of General Statutes (Rev. to 1989) § 53a-59. On appeal, our Supreme Court reversed the convictions for attempted murder and assault in the first degree, holding that the trial court had improperly accepted inconsistent jury verdicts. The Supreme Court affirmed the capital felony and three murder convictions. *State* v. *Hinton*, 227 Conn. 301, 303–304, 630 A.2d 593 (1993).

The petitioner then filed an amended petition for a writ of habeas corpus alleging, inter alia, that he had been denied the right to confront the witnesses against him and had been denied the effective assistance of counsel. Following an evidentiary hearing, the habeas court dismissed the petition and thereafter denied the petitioner's request for certification to appeal. The petitioner then filed the present appeal.

In count three of the amended petition, the petitioner claimed that he was denied his constitutional right to confront state's witness Bennie Fulse when the trial court limited his cross-examination of him. Fulse had testified on direct examination that his own unrelated

criminal case was resolved, and that he had not received anything in his case in exchange for his testimony against the petitioner. The habeas court's dismissal of count three of the amended petition was predicated on the fact that the petitioner had never raised this claim at trial or on appeal and had failed to establish good cause for the default, as required by the "cause and prejudice" standard of *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); see also *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 132, 629 A.2d 413 (1993); *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991).

In count four of the amended petition, the petitioner claimed that he was denied the effective assistance of counsel by the failure of his trial attorney properly to assert the petitioner's constitutional right to cross-examine Fulse and to except to the trial court's ruling. The habeas court's dismissal of this count was predicated on a factual review of the petitioner's claims and a determination that the petitioner had failed to satisfy the prejudice requirement of *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The habeas court found that the petitioner had failed to establish a reasonable probability that, absent counsel's unprofessional errors, the result of the proceeding would have been different. See *Commissioner of Correction* v. *Rodriquez*, 222 Conn. 469, 477, 610 A.2d 631 (1992); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 454–55, 610 A.2d 598 (1992).

After a review of the record and briefs, and after hearing the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646

A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Dontigney* v. *Commissioner of Correction*, 42 Conn. App. 304, 305, 679 A.2d 55, cert. denied, 239 Conn. 918, 682 A.2d 999 (1996); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.

In this opinion the other judges concurred.