CARLOS M. RIVERA *v.* COMMISSIONER OF
CORRECTION
(AC 17274)

Foti, Lavery and Hennessy, Js.

Argued December 12, 1997—officially released February 24, 1998

*Steven R. Strom,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard T. Biggar* and *Madeline A. Melchionne,* assistant attorneys general, for the appellant (respondent).

*Eric Bass,* certified legal intern, with whom was *Brett Dignam,* for the appellee (petitioner).

*Opinion*

LAVERY, J. The respondent commissioner of correction appeals from the judgment of the habeas court granting a writ of habeas corpus to the petitioner, Carlos M. Rivera. The court ruled that the respondent did not apply the petitioner's good time correctly to his multiple sentences and ordered the respondent to credit the petitioner with ninety days of good time credit and nineteen days of jail good time credit. The court then denied the respondent's petition for certification to appeal. We find that the court did not abuse its discretion in denying the respondent's timely request for certification to appeal.

The facts are not in dispute. The petitioner has been in the custody of the commissioner of correction since June 17, 1989, when he was arrested and held in lieu of bond on a charge of a violation of General Statutes

§ 21a-277. He earned nineteen days of presentence good time when he was sentenced (sentence no. 1) on August 15, 1989, to a term of three years. On February 9, 1990, while on supervised home release, the petitioner was arrested on other charges and reincarcerated. His home release status was revoked and he continued to serve time on his original three year sentence. On June 5, 1990, he was sentenced (sentence no. 2) to eight years on one count of a violation of General Statutes § 53a-122 and eight years on one count of a violation of General Statutes § 53a-167c. Both were to run concurrent to each other and concurrent with the sentence of three years he was already serving. At the time of his second sentence, the petitioner had earned ninety days of good time credit on sentence no. 1 including thirty days while on supervised home release in addition to the nineteen days of jail credit good time prior to sentence no. 1 for a total of 109 days good time. On September 25, 1991, the petitioner received an additional consecutive one year sentence (sentence no. 3) for a violation of General Statutes § 53a-167c (a) (1).

The petitioner brought this habeas petition because the respondent, in calculating the petitioner's good time credit, did not give the petitioner nineteen days of presentence good time and ninety days of good time by failing to construe the multiple sentences as one continuous term for the purposes of calculating good time. The petitioner did not receive jail time good time credit or the good time credits earned on the three year sentence, on the eight year sentence or on the one year consecutive sentence.

The court agreed with the petitioner that on the basis of General Statutes § 18-7 and *Howard* v. *Commissioner of Correction*, 230 Conn. 17, 22, 644 A.2d 874 (1994), the petitioner's good time credits under sentence no. 1 should be credited to his overall effective sentence of nine years. The court granted the habeas

petition and awarded the petitioner 109 days of good time credit. The court denied the respondent's petition for certification to appeal because the case was not one of first impression and because if the petitioner were held during the time of appeal, he would lose his 109 days of good time credit.

We must first decide if the habeas court abused its discretion in denying the respondent certification to appeal. "In *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 662 A.2d 718 (1995), the Supreme Court set the standard for deciding abuse of discretion on the issue of certification in such a case. We recognize that [i]n enacting [General Statutes] § 52-470 (b), the legislature intended to discourage frivolous habeas appeals. *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . *Simms* v. *Warden*, supra, 616, quoting *Lozada* v. *Deeds*, supra, 432. Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. *Simms* v. *Warden*, supra, 616. . . . *Copas* v. *Commissioner of Correction*, supra, 150–51." (Internal quotation marks omitted.) *Graham* v. *Commissioner of Correction*, 39 Conn. App. 473, 476, 664 A.2d 1207, cert. denied, 235 Conn. 930, 667 A.2d 800 (1995).

The respondent has not sustained his burden of persuasion that the court's denial of his certification to appeal was a clear abuse of discretion or that an injustice has been done. *Hinton* v. *Commissioner of Correction*, 43 Conn. App. 549, 551, 684 A.2d 733 (1996), cert.

denied, 239 Conn. 958, 688 A.2d 327 (1997). The habeas court and this court are bound by the clear language of General Statutes § 18-7, which provides in relevant part: "When any prisoner is held under more than one conviction, the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section. . . ." It is further clear that this portion of § 18-7 applies to General Statutes § 18-7a,[1] which provides for the good time credits for prisoners sentenced after July 1, 1983. *McCarthy* v. *Commissioner of Correction*, 217 Conn. 568, 581, 587 A.2d 116 (1991). The Supreme Court's decisions in *McCarthy* v. *Commissioner of Correction*, supra, 581, and *Howard* v. *Commissioner of Correction*, supra, 230 Conn. 20–21, as well as this court's decision in *Wilson* v. *Warden*, 34 Conn. App. 503, 505, 642 A.2d 724, cert. denied, 230 Conn. 908, 644 A.2d 922 (1994), make it clear that all multiple sentences both concurrent and consecutive, whether imposed at the same time or at different times, must be aggregated for the purpose of calculating good time. We agree with the habeas court that the petitioner is not seeking additional presentence confinement credits, and that General Statutes § 18-98d[2] and the case of *Payton* v.

[1] General Statutes § 18-7a (c) provides: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee."

[2] General Statutes § 18-98d provides: "Presentence confinement credit for confinement resulting from an offense committed on or after July 1, 1981. (a) Any person who is confined to a community correctional center or a

*Albert,* 209 Conn. 23, 29–30, 547 A.2d 1 (1988), cited by the respondent, deal with the transferability of jail time credit and do not apply to this case.

We find that none of the three criteria of *Lozada* v. *Deeds,* supra, 498 U.S. 431–32, has been met and, therefore, the court did not abuse its discretion in denying the respondent certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of his sentence equal to the number of days which he spent in such facility from the time he was placed in presentence confinement to the time he began serving the term of imprisonment imposed; provided (1) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (2) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for his presentence confinement, except that if a person is serving a term of imprisonment at the same time he is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. In the case of a fine each day spent in such confinement prior to sentencing shall be credited against the sentence at the rate of ten dollars.

"(b) In addition to any reduction allowed under subsection (a), if such person obeys the rules of the facility he may receive a good conduct reduction of any portion of a fine not remitted or sentence not suspended at the rate of ten days or one hundred dollars, as the case may be, for each thirty days of presentence confinement; provided any day spent in presentence confinement by a person who has more than one information pending against him may not be counted more than once in computing a good conduct reduction under this subsection.

"(c) The Commissioner of Correction shall be responsible for ensuring that each person to whom the provisions of this section apply receives the correct reduction in such person's sentence; provided in no event shall credit be allowed under subsection (a) in excess of the sentence actually imposed."