******************************************
The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.
******************************************

# CARLOS TORRES *v.* COMMISSIONER OF CORRECTION
## (AC 38544)

Lavine, Alvord and Keller, Js.

*Syllabus*

The petitioner, who had been convicted on a guilty plea of the crimes of burglary in the first degree and conspiracy to commit burglary in the first degree, sought a writ of habeas corpus, claiming that the respondent, the Commissioner of Correction, improperly had failed to give the petitioner risk reduction earned credits for his conduct that occurred during the period of time that he was confined as a pretrial detainee. Pursuant to the statute (§ 18-98e) that was enacted while the petitioner was serving his sentence, the respondent was required to implement a program in which eligible inmates can earn, at the discretion of the respondent, risk reduction earned credits to reduce the length of their sentences. Under the statute, the respondent could retroactively award such credits to inmates. Although the respondent retroactively credited the petitioner with 119 days of risk reduction earned credits on the basis of his conduct that occurred after the date he was sentenced up to the effective date of § 18-98e, the petitioner did not receive any such credits for the time he spent as a pretrial detainee on the ground that he was not eligible to earn credits before the date on which he was sentenced. In his habeas petition, the petitioner alleged, inter alia, that the respondent's application of § 18-98e violated the petitioner's constitutional right to the equal protection of the law. The habeas court rendered judgment denying the habeas petition and, thereafter, denied the petition for certification to appeal, and the petitioner appealed to this court. *Held*:

1. The habeas court abused its discretion in denying the petition for certification to appeal; because the issues of whether § 18-98e, a relatively recently enacted statute, gives pretrial detainees the opportunity to earn risk reduction earned credits to be applied retroactively to their sentences, and if not, whether that is a violation of a pretrial detainee's constitutional right of equal protection were issues of first impression, the issues were debatable among jurists of reason, and could have been resolved by a court in a different manner.

2. The petitioner could not prevail on his claim that the habeas court improperly concluded that he was not eligible for risk reduction earned credits as a pretrial detainee and to have the credits applied retroactively to his sentence: the language of § 18-98e, which provides that any person sentenced to a term of imprisonment for a crime committed on or after October 1, 1994, may be eligible to earn risk reduction credit, was clear and unambiguous, and demonstrated that the legislature intended to afford only sentenced inmates the opportunity to earn risk reduction earned credits, and, therefore, because the petitioner was not sentenced until September 22, 2009, he was ineligible to earn any risk reduction earned credits before that date, including the time in which he was a pretrial detainee; moreover, the petitioner could not prevail on his claim that § 18-98e violates the equal protection clause because it does not permit indigent individuals who are held in presentence confinement to earn risk reduction credits, as our Supreme Court recently addressed a nearly identical issue and determined that the exclusion of indigent individuals held in presentence confinement from the earned risk reduction credit scheme does not violate equal protection, and, therefore, the habeas court lacked subject matter jurisdiction over the petitioner's claim because it was not one for which habeas relief could be granted.

Argued March 8—officially released August 15, 2017

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, and tried to the court, *Fuger, J.*; judgment

denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Affirmed.*

*Temmy Ann Miller*, assigned counsel, with whom, on the brief, was *Owen Firestone*, for the appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Carlos Torres, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus (second petition). The petitioner claims that the court (1) abused its discretion by denying his petition for certification to appeal and (2) improperly concluded that he was not entitled to earn "risk reduction earned credit," pursuant to General Statutes § 18-98e, during the period of time he was confined as a pretrial detainee,[1] and improperly concluded that he was not deprived of his right to equal protection guaranteed by the fifth and fourteenth amendments to the United States constitution. We agree that the habeas court abused its discretion by denying the petitioner's petition for certification to appeal, but conclude that it properly denied his second petition. Accordingly, we affirm the judgment of the habeas court.

The following facts and procedural history are relevant to resolve the petitioner's appeal. The petitioner was arrested on July 30, 2008, for crimes that took place on April 4, 2007, and charged with conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-101 and 53a-48 (a), and burglary in the first degree in violation of § 53a-101. Because of his inability to secure bond, he remained in the custody of the respondent, the Commissioner of Correction, as a pretrial detainee while awaiting the resolution of the pending charges. On September 22, 2009, he pleaded guilty to both charges, and on that same day, the trial court, *Gold*, *J.*, sentenced him to fifteen years of incarceration, which was to be suspended after eight years, followed by five years of probation. The respondent credited the petitioner with 419 days of presentence confinement jail credits for the time he spent confined as a pretrial detainee from July 30, 2008, to September 21, 2009, pursuant to General Statutes § 18-98d.[2] On October 9, 2009, the petitioner was assigned an offender accountability plan. An offender accountability plan is created for every individual who is sentenced to a term of incarceration and recommends a list of rehabilitative programs the individual should participate in while he or she is incarcerated. The requirements of each plan are unique to each inmate because the recommendations within the plans are based on an inmate's criminal history and the nature of the underlying offense.

In 2011, while the petitioner was still serving his sentence, the General Assembly passed Public Act 11-51, codified at §18-98e.[3] Section 18-98e, effective July 1, 2011, requires the respondent to implement a program in which eligible inmates can earn, at the discretion of the respondent, risk reduction earned credits to reduce the length of their sentences. Eligible inmates can earn up to five risk reduction earned credits per month only

if they adhere to their offender accountability plans, participate in eligible programs and activities, and exhibit good behavior. Notably, the respondent can retroactively award risk reduction earned credits to inmates based on their conduct that occurred on or after April 1, 2006, provided that their conduct met the requirements of subsection (b) of the statute and of the rules of the program created by the respondent.

In October, 2011, the respondent retroactively credited the petitioner with 119 days of risk reduction earned credits on the basis of his conduct that occurred between October 5, 2009, and October 1, 2011.[4] He was not credited with any risk reduction earned credits for his conduct that occurred during the period of time he was confined as a pretrial detainee between July 30, 2008, and September 21, 2009.

On July 27, 2015, the petitioner filed his second petition. In count one, he alleged that the "respondent's application of . . . § 18-98e, deprive[d] the petitioner of his right to have a correct interpretation of the law applied to him" when it did not give him the "opportunity to earn or be awarded retroactive risk reduction earned credits for [the] period of time [he] spent as a presentenced detainee." In count two, he alleged that the "respondent's application of § 18-98e violated the petitioner's right to the equal protection of the law, as guaranteed by the federal constitution."

On August 4, 2015, the habeas court, *Fuger, J.*, conducted a habeas trial, during which both the petitioner and the respondent called witnesses to testify. Michelle Deveau, a records specialist with the Department of Correction, testified that the petitioner was not awarded any risk reduction earned credits for the time he spent confined as a pretrial detainee because he was not eligible to earn credits before the date on which he was sentenced. Heidi Palliardi, an employee for the Sentence Calculation and Interstate Management Unit of the Department of Correction, testified that every inmate is assigned an offender accountability plan approximately fourteen days after he or she is sentenced. She explained that inmates must adhere to their offender accountability plans in order to earn risk reduction earned credit because the purpose of the credits is "to encourage programming among the offender population, particularly the sentenced population." The rules require adherence to offender accountability plans because the respondent "didn't want to award credits to individuals [who] did not want to correct behavior." She testified that pretrial detainees are not assigned offender accountability plans because they have not been convicted of an offense and, therefore, have not been sentenced.

On August 19, 2015, the habeas court denied the petitioner's second petition. In its memorandum of decision, it stated: "[T]he statute that governs the award of

[risk reduction earned credits] is clear and unambiguous. In order to earn [risk reduction earned credits], an inmate must be a sentenced prisoner. It is equally clear and beyond dispute that the petitioner was not a sentenced prisoner during this period. Consequently, it is clear that based upon [the] unequivocal meaning of . . . § 18-98e, the petitioner was ineligible to earn [risk reduction earned credits] during the period [from] July 30, 2008, [to] September 21, 2009." (Emphasis omitted.) With regard to the petitioner's equal protection claim, the habeas court explained that because "credits to be applied to judicial sentences of incarceration are purely the creation of statute, it is clear that the legislature limited the circumstances under which [risk reduction earned credits] may be earned to a person who has already been *sentenced*," and to interpret the statute as meaning otherwise would "usurp the role of the duly elected members of the General Assembly . . . ." (Emphasis in original.)

On August 28, 2015, the petitioner filed a petition for certification to appeal, which the habeas court denied on September 18, 2015. This appeal followed.

I

The petitioner's first claim on appeal is that the habeas court abused its discretion by denying his petition for certification to appeal.[5] Specifically, he argues that both of the underlying claims in his second petition have not been previously addressed by our appellate courts, and, therefore, both claims are debatable among jurists of reason and a court could resolve them in a different manner. We agree with the petitioner and conclude that the habeas court abused its discretion.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that [1] the issues are debatable among jurists of reason . . . [2] [the] court could resolve the issues [in a different manner] . . . or . . . [3] the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification . . . we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . for determining the propriety of the habeas court's denial of the petition for certification. Absent such a

showing by the petitioner, the judgment of the habeas court must be affirmed." (Citations omitted; internal quotation marks omitted.) *Miller* v. *Commissioner of Correction*, 154 Conn. App. 78, 84, 105 A.3d 294 (2014), cert. denied, 315 Conn. 920, 107 A.3d 959 (2015). This court has previously concluded that issues of first impression in Connecticut meet one or more of the three criteria. See, e.g., *Rodriguez* v. *Commissioner of Correction*, 131 Conn. App. 336, 347, 27 A.3d 404 (2011) (concluding petitioner's claim deserved encouragement to proceed further when issue not previously addressed by any Connecticut appellate court), aff'd, 312 Conn. 345, 92 A.3d 944 (2014); *Graham* v. *Commissioner of Correction*, 39 Conn. App. 473, 476, 664 A.2d 1207 (concluding petitioner's claim one of first impression and, therefore, debatable among jurists of reason and court could resolve issue in different manner), cert. denied, 235 Conn. 930, 667 A.2d 800 (1995).

On the basis of our review of the two claims raised by the petitioner in his second petition, we conclude that the habeas court abused its discretion in denying the petitioner's petition for certification to appeal. We are unable to locate any case in which our appellate courts have addressed the issues of whether § 18-98e, a relatively recently enacted statute, gives pretrial detainees the opportunity to earn risk reduction earned credits to be applied retroactively to their sentences, and if not, whether that is a violation of pretrial detainees' right of equal protection guaranteed by the fifth and fourteenth amendments to the United States constitution.[6] Because the petitioner's second petition presents two issues of first impression in Connecticut, we will conduct a full review of the merits of his appeal.[7]

## II

The petitioner's second claim on appeal is that the habeas court improperly resolved the claims in his second petition. We disagree.

## A

The petitioner first claims, in essence, that the habeas court improperly concluded that he was not eligible for risk reduction earned credits as a pretrial detainee and to have the credits retroactively applied to his sentence.[8] Specifically, he argues that § 18-98e is not clear and unambiguous, and his interpretation of the statute is consistent with the intent of the legislature, namely, to "encourage inmates to participate in programming that would increase their chances of living law-abiding lives after being released from prison." The respondent argues that § 18-98e is clear and unambiguous, and a plain reading of the statute reveals that the legislature intended to afford only sentenced inmates the opportunity to earn risk reduction earned credits. We agree with the respondent.

The petitioner's claim requires us to interpret § 18-

98e. "[I]ssues of statutory construction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *Kendall* v. *Commissioner of Correction*, 162 Conn. App. 23, 28, 130 A.3d 268 (2015). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Cruz* v. *Montanez*, 294 Conn. 357, 367, 984 A.2d 705 (2009). "A statute is ambiguous if, when read in context, it is susceptible to more than one reasonable interpretation. . . . Additionally, statutory silence does not necessarily equate to ambiguity." (Internal quotation marks omitted.) *Kendall* v. *Commissioner of Correction*, supra, 37. "If the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intention of the legislature and there is no room for judicial construction." *Johnson* v. *Manson*, 196 Conn. 309, 316, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986).

The salient language of § 18-98e is: "(a) Notwithstanding any provision of the general statutes, any person *sentenced to a term of imprisonment* for a crime committed on or after October 1, 1994, and committed to the custody of the Commissioner of Correction on or after said date . . . may be eligible to earn risk reduction credit toward a reduction of such person's sentence . . . . (b) An inmate may earn risk reduction credit for adherence to the inmate's offender accountability program, for participation in eligible programs and activities, and for good conduct and obedience to institutional rules as designated by the commissioner . . . . (d) Any credit earned under this section may *only be earned during the period of time that the inmate is sentenced to a term of imprisonment* and committed to the custody of the commissioner and may not be transferred or applied to a subsequent term of imprisonment. . . ." (Emphasis added.)

After considering the text of § 18-98e and its relationship to other statutes, we conclude that the statute is plain and unambiguous. The text of the statute clearly and unambiguously shows that the legislature intended for only sentenced inmates to be eligible to earn risk reduction earned credits. Subsection (a) expressly provides that "any person *sentenced to a term of imprisonment* for a crime committed on or after October 1, 1994" may be eligible to earn risk reduction earned credits, and subsection (d) expressly states that an individual is only eligible to earn risk reduction earned

credits "during the period of time that the inmate is *sentenced to a term of imprisonment*." (Emphasis added.) There is no other way to reasonably interpret these provisions apart from meaning that only sentenced inmates are eligible to earn risk reduction earned credits. Additionally, General Statutes § 18-7a (c)[9] provides: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, *while held in default of bond* or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence . . . ." (Emphasis added.) The inclusion of the phrase "while held in default of bond" shows that the legislature intended to allow pretrial detainees who were unable to obtain bond to earn good conduct presentence credits. In contrast, no comparable language appears within the text of § 18-98e. If the legislature wanted to permit pretrial detainees to earn risk reduction earned credits, it would have included such a provision within the statute. See *Dept. of Public Safety* v. *State Board of Labor Relations*, 296 Conn. 594, 605, 996 A.2d 729 (2010) ("[w]e are not permitted to supply statutory language that the legislature may have chosen to omit" [internal quotation marks omitted]).

In the present case, the petitioner was arrested on July 30, 2008, for crimes that took place on April 4, 2007, and was not sentenced until September 22, 2009. Because he was not a sentenced inmate before September 22, 2009, we conclude that he was ineligible to earn any risk reduction earned credits before September 22, 2009, including the time in which he was a pretrial detainee between July 30, 2008, and September 21, 2009.

B

The petitioner also claims that the respondent's interpretation of § 18-98e violated his right to equal protection guaranteed by the fifth and fourteenth amendments to the United States constitution. It appears that he argues that inmates who spent time confined as pretrial detainees because they were indigent, like the petitioner, are similarly situated to inmates who were not incarcerated prior to serving their sentences. Because § 18-98e permits inmates to begin earning risk reduction earned credits only after they are sentenced, he argues that inmates who were incarcerated before they were sentenced "have a diminished opportunity to earn credits to reduce the number of days necessary to discharge their sentences." He contends that this interpretation results in indigent inmates remaining incarcerated for longer periods of time than similarly situated nonindigent inmates, and, therefore, his fundamental right to liberty is infringed upon on the basis of his indigency, and § 18-98e should be reviewed under an "intermediate" heightened level of scrutiny, which it cannot pass.

The respondent argues that the equal protection clause does not apply because pretrial detainees and sentenced inmates are not similarly situated. Even if they were, he argues that rational basis review of § 18-98e is appropriate, and there are numerous plausible justifications that support the constitutionality of the statute.

After the parties briefed this issue, and after oral argument before this court was conducted, our Supreme Court decided *Perez* v. *Commissioner of Correction*, 326 Conn. 357,      A.3d      (2017), which is dispositive of this claim. In *Perez*, the petitioner claimed that § 18-98e facially violates the equal protection clause because it does not permit indigent individuals who are held in presentence confinement to earn risk reduction credits. Id., 382. Our Supreme Court held: "[E]ven if we assume that indigent individuals who cannot afford bail are held in presentence confinement prior to sentencing and nonindigent individuals who are not held in presentence confinement prior to sentencing are similarly situated, the petitioner's claim is without merit. . . . [A]n inmate has no fundamental right in the opportunity to earn risk reduction credit because such credit is a creature of statute and not constitutionally required. The petitioner has not alleged that the earned risk reduction credit statute has caused him, or other indigent individuals, to be imprisoned beyond the maximum period authorized by statute. Therefore . . . the exclusion of indigent individuals held in presentence confinement from the earned risk reduction credit scheme does not violate equal protection if there is a rational basis for such treatment. . . . In the context of the rational bases identified in *McGinnis* [v. *Royster*, 410 U.S. 263, 93 S. Ct. 1055, 35 L. Ed. 2d 282 (1973)], therefore, the petitioner also has failed to state a claim for which habeas relief may be granted . . . ." (Citation omitted.) *Perez* v. *Commissioner of Correction*, supra, 386.

Although *Perez* is fully dispositive of the petitioner's equal protection claim, it was decided subsequent to the judgment rendered by the habeas court on the merits of the present petition. We, therefore, affirm the judgment of the habeas court on the alternative ground that it lacked subject matter jurisdiction over the claim because it failed to state a claim for which habeas relief may be granted.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In his second petition and on appeal, the petitioner describes himself as a "presentenced detainee" while he was confined in the custody of the respondent, the Commissioner of Correction, prior to being sentenced on September 22, 2009. However, he pleaded guilty to the offenses and was sentenced on the same day and, thus, did not spend any time confined in the custody of the respondent waiting to be sentenced after pleading guilty. For purposes of clarity, therefore, we will use the phrase "pretrial detainee" instead of "presentenced detainee" when referring to the petitioner's former status.

[2] General Statutes § 18-98d provides in relevant part: "(a) (1) Any person

who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed . . . ."

[3] General Statutes § 18-98e provides in relevant part: "(a) Notwithstanding any provision of the general statutes, any person *sentenced to a term of imprisonment* for a crime committed on or after October 1, 1994, and committed to the custody of the Commissioner of Correction on or after said date . . . may be eligible to earn risk reduction credit toward a reduction of such person's sentence, in an amount not to exceed five days per month, at the discretion of the Commissioner of Correction for conduct as provided in subsection (b) of this section occurring on or after April 1, 2006.

"(b) An inmate may earn risk reduction credit for adherence to the inmate's offender accountability program, for participation in eligible programs and activities, and for good conduct and obedience to institutional rules as designated by the commissioner . . . .

"(c) The award of risk reduction credit earned for conduct occurring prior to July 1, 2011, shall be phased in consistent with public safety, risk reduction, administrative purposes and sound correctional practice, at the discretion of the commissioner, but shall be completed not later than July 1, 2012.

"(d) Any credit earned under this section may only be earned *during the period of time that the inmate is sentenced to a term of imprisonment* and committed to the custody of the commissioner and may not be transferred or applied to a subsequent term of imprisonment. . . .

"(f) The commissioner shall adopt policies and procedures to determine the amount of credit an inmate may earn toward a reduction in his or her sentence and to phase in the *awarding of retroactive credit* authorized by subsection (c) of this section." (Emphasis added.)

[4] In accordance with § 18-98e (c), the respondent's program became effective on October 1, 2011. For eligible inmates who were sentenced on or after April 1, 2006, the respondent started calculating the number of risk reduction earned credits they earned starting from fourteen days following the date on which they began serving their sentences because that is the day in which they are usually assigned their offender accountability plans.

[5] Although we conclude that the habeas court abused its discretion by denying the petitioner's petition for certification to appeal, we flatly reject the petitioner's argument that the habeas court abused its discretion on the ground that it "did not consider the petitioner's actual claims in denying certification." The petitioner asserted a number of times throughout his brief and during oral argument before us that the habeas court misconstrued the claims in his second petition. Specifically, he argues that he "never disputed that a [pretrial] detainee cannot *earn* [risk reduction earned credits] month-by-month when held in presentence confinement. Rather, [the] petitioner claim[s] that once an inmate was sentenced and thereafter credited with presentence confinement credit, those days of credit became time he was serving his sentence, and [the] respondent both was authorized and required to consider those days a period of time during which the inmate was serving his sentence before sentence was imposed, and to consider that time for an award of [risk reduction earned credits]." (Emphasis in original.)

On the basis of our review of the record, however, we wholly disagree with the petitioner's argument that the habeas court did not consider the petitioner's actual claims in rendering its decision. In count one of his second petition, he claimed that the respondent misinterpreted § 18-98e because the statute "is ambiguous with respect to a sentenced prisoner's *opportunity to earn or be awarded* retroactive risk reduction earned credits for the period of time spent as a [pretrial] detainee after April 1, 2006, and before July 1, 2011." (Emphasis added.) In count two, he claimed that his right to equal protection was violated because "having been held . . . as a [pretrial] detainee, [he] did not have [the] *opportunity to earn* risk reduction earned credit[s] or retroactive risk reduction earned credit[s] for [the entirety] of his eight year sentence." (Emphasis added.) In his prayer for relief, he requested that the habeas court order that he "is not excluded from *earning* retroactive risk reduction earned credits for the period of time he was held in presentence confinement on charges for which he was ultimately sentenced . . . ." (Emphasis added.) During the habeas trial, the petitioner's counsel stated that the petitioner's argument is that he "should have been

deemed eligible *to have the opportunity to earn* such credits . . . based on the presentence time." (Emphasis added.) Accordingly, we conclude that the habeas court properly reviewed the claims presented in the petitioner's second petition.

[6] We note that the habeas court rendered its judgment before our Supreme Court decided *Perez* v. *Commissioner of Correction*, 326 Conn. 357, A.3d    (2017). See part II B of this opinion.

[7] We note that a petitioner is not automatically entitled to a review of the merits of a claim simply on the basis that the claim has not been previously addressed by our appellate courts. Rather, in deciding whether a habeas court abused its discretion in denying a petitioner's petition for certification to appeal, this court must conduct a case-by-case inquiry into whether the issue is debatable among jurists of reason, the court could resolve the issue in a different manner, or the issue is adequate to deserve encouragement to proceed further.

[8] The petitioner argues that he "does not claim [on appeal] . . . that [pretrial] detainees are entitled to the opportunity to earn [risk reduction earned credits] as they are being held prior to sentencing." Rather, he argues that his claim is that "an inmate who (1) was sentenced when [risk reduction earned credits] came into existence, and (2) had had a number of days applied to his sentence as presentence confinement credit, was serving his subsequently imposed sentence and was entitled to have those days considered for the award of retroactive [risk reduction earned credits]." There are two flaws with this argument. First, as previously discussed in footnote 5 of this opinion, this is not the claim that the petitioner asserted in his second petition. The claim in his second petition, the one properly considered by the habeas court, was whether pretrial detainees are entitled to earn risk reduction earned credits. Second, we conclude that the petitioner's characterization of his claim presents a distinction without a difference. It is not disputed that the only way in which individuals can obtain risk reduction earned credits is if they earn them. It logically follows that when considering the number of risk reduction earned credits an individual is entitled to be retroactively awarded, the respondent must decide whether the individual earned them during the period of time in question. Thus, the petitioner's argument on appeal that the respondent must consider the time in which he spent as a pretrial detainee when calculating his risk reduction earned credits is implicitly an argument that pretrial detainees are entitled to earn risk reduction earned credits.

[9] We are mindful that "[General Statutes] § 18-100d renders the good time statutes inapplicable to persons sentenced to a term of imprisonment for crimes committed on or after October 1, 1994." *Velez* v. *Commissioner of Correction*, 250 Conn. 536, 552, 738 A.2d 604 (1999). Because the petitioner's crimes were committed after October 1, 1994, this law is not relevant to the present appeal.

---